**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-0231 |
| v. | (JUDGE CAPUTO) |
| BRYAN DYLEWSKI, | |
| Defendant and Third Party Plaintiff, | |
| v. | |
| INVACARE CORP., MOBILITY PRODUCTS UNLIMITED, LLC, JOHN WARD and THOMAS DONAHUE, | |
| Third Party Defendants. | |

**MEMORANDUM**

Two motions are presently before the Court, Third Party Plaintiff Bryan Dylewski's Amended Motion for Reconsideration (Doc. 59) and Amended Motion to Amend/Correct Third Party Claims (Doc. 60). For the reasons detailed below, the Court will deny both motions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

On January 22, 2008, Pride Mobility Products Corporation ("Pride"), a Pennsylvania corporation, filed a complaint against Mobility Products Unlimited, LLC ("MPU"), a Florida limited liability company, and John and Teresa M. Ward, citizens of Florida. (Pride Mobility Complaint, Doc. 30, Ex. A.) Pride's January 22, 2008 Complaint, presented four claims

including (1) breach of contract by MPU (Count I), (2) unjust enrichment by MPU (Count II), (3) breach of Guaranty and Suretyship Agreement by John Ward (Count III), and (4) breach of Guaranty and Suretyship Agreement by Teresa M. Ward (Count IV).  (Pride Mobility Complaint, Doc. 30, Ex. A.)  On February 5, 2008, Pride filed a Complaint in a second action naming Bryan Dylewski, also a Florida citizen, as Defendant.  (Doc. 1.)  The February 5, 2008 Complaint presents a single count against Bryan Dylewski for a breach of the Guaranty and Suretyship Agreement and seeks a judgment in the amount of one million thirty-two thousand, nine hundred seventeen dollars and ninety-one cents ($1,032,917.91).

On April 30, 2008, Bryan Dylewski filed an Answer, Affirmative Defenses, and Third Party Claim.  (Doc. 8.)  In this document, Dylewski responds to the allegations in Pride's February 5, 2008 Complaint, provides five (5) affirmative defenses, and initiates a third party claim against MPU, John Ward, Thomas Donahue, and Invacare Corporation ("Invacare").  (*Id.* ¶¶ 8-13.)

On May 6, 2008, Pride filed a Motion to Consolidate the cases involving MPU, John and Teresa M. Ward, and Bryan Dylewski.  (Doc. 9.)  The Court granted this motion in an Order dated June 20, 2008.  (Doc. 20.)  While Plaintiff's consolidation motion was pending before the Court, on June 18, 2008, Third Party Defendant Invacare Corporation filed a Motion to Dismiss Dylewski's Third Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) & (6) and a Motion to Strike pursuant to Federal Rule of Civil Procedure 11(a).  On July 28, 2008, Third Party Defendants Mobility Products Unlimited and John Ward filed a Motion to Dismiss Dylewski's Third Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6).  (Doc. 29.)

On January 27, 2009, this Court entered a Memorandum and Order (Doc. 55)

granting both motions to dismiss.  As the result of this order, the Court dismissed, without prejudice, Counts I and II of Dylewski's Third Party Complaint as they pertained to Mobility Products and John Ward and Counts V, VI and VII of Dylewski's Third Party Complaint as they pertained to Mobility Products, John Ward, and Thomas Donahue.  The Court also dismissed Counts I, II, III, IV and V of Dylewski's Third Party Complaint with respect to Invacare Corporation.

On February 4, 2009, Dylewski filed both a Motion for Reconsideration (Doc. 56) and a Motion to Amend/Correct the Third Party Complaint (Doc. 57).  On February 6, 2009, the Court entered an Order (Doc. 58) striking these motions for failure to comply with Federal Rule of Civil Procedure 11(a), unless each motion was signed by an attorney of record before February 17, 2009.  On February 10, 2009, Dylewski filed the current, amended versions of each motion (Docs. 59, 60). On February 20, 2009, the parties filed a Stipulation (Doc. 61) with the Court, stating that Dylewski did not plan to file separate, supporting briefs in conjunction with his amended motions and that the fifteen (15) day time period for filing opposition briefs, as established by Middle District of Pennsylvania Local Rule 7.6, would commence as of the date of the Stipulation.  On March 6, 2009, all Third Party Defendants filed briefs in opposition (Docs. 62-65) to Dylewski's two amended motions, and on March 17, 2009 Dylewski filed his briefs in reply (Docs. 67-70).  As Dylewski's two motions have been thoroughly briefed by all parties, they are currently ripe for disposition.

## LEGAL STANDARD

**I.   Reconsideration**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil

Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**II.    Motion to Amend Pleadings**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178,

182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The most pertinent issue here is whether Plaintiffs' proposed amendments to their Complaint are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

**DISCUSSION**

**I.      Dylewski's Motion for Reconsideration**

<u>A.      Mobility Products, John Ward, Thomas Donahue</u>

In its January 27, 2009 Memorandum and Order, the Court found that Dylewski's third party claims for unlawful appropriation, breach of fiduciary duty, and interference with a contract did not relate to the question of whether Dylewski is liable to Pride Mobility or to the question of who is responsible for damages if Dylewski is found liable.  Instead, the Court found that these claims involved detailed interpretive questions concerning Dylewski's separation agreement with MPU and complex questions about MPU's internal management.  Since these claims are not part of a common set of operative facts with Pride's claims against Dylewski, the Court found that it cannot exercise supplemental jurisdiction over these counts and dismissed them, without prejudice, with respect to Mobility, John Ward, and Thomas Donahue.

Likewise, the Court found that Dylewski's third-party indemnification and contribution claims would raise questions concerning the evolution of MPU's internal management, the business judgments of MPU's managers, and Dylewski's rights and liabilities as "passive" owner of Mobility Products.  The Court found that these complex issues would substantially predominate over those issues that are germane to Pride's claims, and for this reason, pursuant to 28 U.S.C. § 1367(c), the Court declined to exercise its supplemental jurisdiction over Dylewski's third party indemnification and contribution claims against MPU and John Ward and dismissed those claims without prejudice.  Even though the "substantially predominates" consideration articulated in § 1367(c)(2) provided the Court with sufficient justification for its decision to decline supplemental jurisdiction over Dylewski's

indemnification and contribution claims, the Court further noted that Dylewski and the Third Party Defendants in this case were already parties to Florida state court litigation where substantially similar claims were at issue, and found this litigation to be an additional, compelling reason for the Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(d) (stating that a district court may decline to exercise supplemental jurisdiction over a claim if "there are other compelling reasons for declining jurisdiction").

In his current motion, Dylewski characterizes the Court's observation that he and MPU, John Ward and Thomas Donahue either were or currently are involved in similar Florida state court litigation as one of the "bases" of the Court's decision to dismiss Dylewski's claims against MPU, Ward, and Donahue without prejudice for lack of jurisdiction. (Am. Mot. to Recons., Doc 59, ¶ 2.) According to Dylewski, the Court's decision to decline supplemental jurisdiction over these claims, when combined with the possibility that the Florida state court may decline Dylewski permission to bring a counterclaim, would potentially "deny him the rights and benefits of the law to which he is entitled." (*Id.*, ¶¶ 3-4.) In his second argument, "Dylewski respectfully disagrees" with the Court's finding that his third party claims against MPU, Ward, and Donahue will predominate over Pride Mobility's original claims in this case. (*Id.*, ¶ 5.)  According to Dylewski, "a great portion of the evidence and law that he will present to sustain [his] affirmative defenses is the same evidence that would be presented in favor of his third party claims." (*Id.*) On the basis of these arguments, Dylewski states his belief that "he will be severely disadvantaged and prejudiced by the Court's refusal to exercise its supplemental jurisdiction."

Upon review of Dylewski's motion, the Court finds that he attempts to (1) reinstate arguments that have already been considered by the Court, and (2) raise new arguments

7

that could have been raised at the time the Court first considered MPU, Ward, and Donahue's motion to dismiss. In its January 27, 2009 Memorandum and Order, the Court clearly stated that it cannot exercise supplemental jurisdiction over Dylewski's third party unlawful appropriation, breach of fiduciary duty and interference with a contract claims because these claims do not share a common nucleus of fact with Pride's claims against Dylewski. (Memorandum & Order, Doc. 55, at 14-15.) The Court also declined, pursuant to 28 U.S.C. § 1367(c)(2), to exercise supplemental jurisdiction over Dylewski's indemnification and contribution claims because those claims would raise complex issues that are not germane to Pride's original claims against Dylewski, Ward and MPU. (*Id.*, at 16.) Dylewski's current motion simply (1) restates the same arguments that Dylewski made when opposing the motion to dismiss, and (2) voices his "disagreement" with the Court's January 27, 2009 Memorandum and Order. The Court further observes that, with respect to its finding that similar state court litigation was a compelling ancillary reason to decline supplemental jurisdiction, Dylewski did not address this issue in his briefs at the time the Court considered the motion to dismiss, even though MPU, Ward, and Donahue fully raised and addressed it in their motion and briefs.[1] As already noted, a motion for reconsideration is not a means to relitigate a point of disagreement between the Court and the litigant, *Ogden*, 226 F. Supp.2d at 606, and may not be used to raise arguments that could have been raised prior to the entry of judgment, *Hill*, 2006 WL 529044, at *2. Thus, the Court will deny Dylewski's Amended Motion for Reconsideration with respect to his indemnification and contribution claims against MPU, Ward, and Donahue.

---

[1] The Court does, however, note that Dylewski did make verbal arguments concerning the related state court litigation when the issue was raised in the motion hearing held before the Court on January 9, 2009.

B.     Invacare Corporation

In its January 27, 2009 Memorandum and Order, the Court also addressed the arguments of Third Party Defendant Invacare Corporation. After identifying the relevant and applicable Florida law governing Dylewski's proposed third-party claims against Invacare, the Court dismissed Dylewski's third party claims against Invacare for failure to state plausible claims for indemnification, contribution, conversion, civil theft, and "unlawful appropriation of business matters and custom."

With regard to Dylewski's indemnification claim against Invacare, the Court First identified the relevant standard for indemnification under Florida law:

> the plaintiff must prove: (1) that he was held liable to a third party; (2) that he was not in any way at fault for the circumstances giving rise to the liability; and (3) that liability was imposed on the plaintiff solely because of the plaintiffs "vicarious, constructive, derivative, or technical" relationship to the defendant.

*Id.* (quoting *Florida Power & Light Co. v. Allis-Chalmers Corp.,* 752 F. Supp. 434, 441 (S.D. Fla. 1990)). Similarly stated,

> First the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. . . Second, indemnification can only come from a party who was at fault. . . [Finally], Florida courts have required a special relationship between the parties in order for common law indemnification to exist.

*Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999) (citations omitted).

(Memorandum & Order, at 24.) Then, after reviewing the averments in Dylewski's Third Party Complaint, the Court found that it (1) "[did] not provide factual allegations supporting a plausible argument that Dylewski was not at fault for his alleged breach of the Guaranty and Suretyship Agreement after MPU failed to pay its debt to Pride," (2) "[failed] to present

any allegation of fact supporting an argument that Invacare was the party at fault for Dylewski's alleged breach of the Agreement subsequent to MPU's default," and (3) "[failed] to provide factual allegations establishing the 'special relationship' between Dylewski and Invacare needed in order for common law indemnification to exist." (*Id.* at 26-27.) Similarly, the court identified the applicable standard for contribution under Florida law:

> Where, as here, there is no express agreement covering rights of contribution, Florida law recognizes a right of equitable contribution. "The [equitable contribution] principle attempts to distribute equally among those who have a common obligation, the burden of performing that obligation. . .Thus, an obligor who has paid in excess of his pro rata share of the obligation, is entitled at law to contribution from the other obligors for their aliquot share."
>
> *Schrank v. Pearlman*, 683 So. 2d 559, 561 (Fla. Dist. Ct. App. 1996) (quoting *Fletcher v. Anderson*, 616 So. 2d 1201, 1202 (Fla. Dist. Ct. App. 1993)).

(*Id.*, at 27-28). With this standard in mind, the Court reviewed Pride Mobility's Complaint along with Dylewski's Third Party Complaint, and found that:

> Pride Mobility's claims against Dylewski are premised on the contractual agreement between Pride and Dylewski. Accordingly, a cognizable contribution claim by Dylewski against Invacare must allege that Invacare shares Dylewski's contractual obligations to Pride. Dylewski's Third Party Complaint contains no such allegations of fact, and thus, fails to state a claim for contribution against Invacare.

(*Id.*, at 28.)

In his current motion, Dylewski urges the Court to reconsider the Memorandum and Order dismissing his indemnification and contribution claims against Invacare. According to Dylewski, such reconsideration is warranted because the Court's decision would require him "to pay whatever amount Plaintiff demands before he could seek indemnity," a finding that "would substantially alter Florida law. . . by denying any person sued for breach of

10

contract from seeking indemnity in a third party complaint or a cross-claim based upon the fact that the [sic] were sued by a plaintiff for some alleged breach." (Am. Mot. to Recons., ¶ 8.) Dylewski further states that he "disagrees with the Court's decision that in order to be without fault he must first meet the demand of Plaintiff," because "[t]his position would forever bar him from seeking indemnity from the one truly at fault." (*Id.*, at ¶ 9.) According to Dylewski, "it is sufficient that he allege fact that show that the actions of Invacare, Ward and MPU caused the debt alleged by Plaintiff not to be paid and that without those actions of the third party defendants there would be no alleged breach since there would be no debt to guaranty." (*Id.*)  Dylewski's current motion does not specifically address his third party contribution claims.

The Court finds that Dylewski does not argue that there is an intervening change in the law impacting this Court's analysis and January 27, 2009 decision and that Dylewski does not identify any new evidence suggesting that he was not at fault for the alleged breach of his Guaranty and Suretyship Agreement with Pride, that Invacare was the party at fault for this alleged breach, or that Dylewski and Invacare had a "special relationship" as required for common law indemnification to exist.  Rather, Dylewski's current motion simply states his disagreement with the Court's January 27, 2009 Memorandum and Order granting Invacare's Motion to Dismiss, while reasserting arguments already presented to the Court. As already noted, a motion for reconsideration is not a means to reargue matters already argued and disposed of, *Ogden*, 226 F. Supp.2d, at 606, and for this reason, the Court will deny Dylewski's Motion for Reconsideration with respect to his third party claims for indemnification and contribution against Invacare Corporation.

## II.     Dylewski's Motion to Amend/Correct Third Party Claims

In his Amended Motion to Amend/Correct Third Party Claims (Doc. 60), Dylewski seeks leave to file an version of his Third Party Complaint amending his claims for indemnification and conversion against the Third Party Defendants.  As the Court has already noted, the Third Circuit Court of Appeals has stated that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave [to amend] should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.  In response to Dylewski's current motion, the Third Party Defendants argue that the Court should not grant Dylewski leave to file his proposed amendment because the amendment shares the same defects as his original third party claims and, thus, would be futile.

### A.     Mobility Products, John Ward, Thomas Donahue

In its January 27, 2009 Memorandum and Order, the Court found that Dylewski's third party indemnification and contribution claims against MPU, John Ward, and Thomas Donahue would raise complex issues that are not germane to Pride's original claims against Dylewski and substantially predominate over those issues that are germane to Pride's claims. In particular, the Court stated:

> Through consolidation, the parties will litigate this question together with the original claims that Pride brought against Mobility Products for breach of contract and unjust enrichment and Pride's claims against John and Teresa Ward, for breach of Guaranty and Suretyship Agreements.  Given the nature of these claims, the Court anticipates that the evidence and resulting arguments will center on the formation of the agreements between the various parties, the validity of these agreements and whether the parties have performed under

>these agreements.  In comparison, Dylewski's claims for indemnification and contribution against MPU and Ward involve questions concerning the evolution of MPU's internal management, the business judgments of MPU's managers, and Dylewski's rights and liabilities as "passive" owner of Mobility Products.

(Memorandum & Order, at 16.)  The Court, accordingly, declined to exercise supplemental jurisdiction over Dylewski's indemnification and contribution claims against MPU, Ward, and Donahue pursuant to 28 U.S.C. § 1367(c)(2), which states, in relevant part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim. . . if. . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

Having reviewed Dylewski's proposed Third Party Amended Complaint as it pertains to MPU, Ward, and Donahue, the Court finds that averments do not substantially differ from those found in Dylewski's original Third Party Complaint.  Dylewski, once again, presents several factual averments concerning the evolution of Mobility Products' internal management, the alleged impropriety of fiscal decisions made by this management, and Dylewski's rights and liabilities as a "passive" owner of MPU.  Accordingly, for the same reasons articulated in its January 27, 2009 Memorandum and Order, the Court believes that Dylewski's amended third party indemnification and contribution claims against MPU, Ward, and Donahue would substantially predominate over Pride's claims that are based on the formation, validity, and performance of the Guaranty and Suretyship Agreements signed by the various parties in this action.  Thus, if the Court were to grant Dylewski leave to file his Amended Third Party Complaint, the Court would, once again, decline jurisdiction over his indemnification and contribution claims against MPU, Ward, and Donahue pursuant to 28 U.S.C. § 1367(c)(2).  For this reason, the proposed amendment to Dylewski's Third Party

Complaint is futile, and the Court will deny his motion in this regard.

### B.     Invacare Corporation

In its January 27, 2009 Memorandum and Order, the Court analyzed Dylewski's third party indemnification claims with respect to Invacare:

> the Court takes specific note of four allegations supporting Dylewski's claim that he is entitled to indemnification from Invacare for any liability he incurs from the alleged breach of his Agreement with Pride.  First, Dylewski states that MPU was not insolvent and was current on debts owed to Pride Mobility during the period that he was actively involved in the company's management, but the company rapidly became insolvent after he assumed a "passive" ownership role.  (Third Party Claim, Doc. 8, ¶¶ 27, 39.)  Second, Dylewski alleges that MPU has been able to cover its expenses only because it has received frequent cash infusions from Invacare, and that by late 2007, Invacare held 90% of MPU's debt.  (*Id.* ¶¶ 29, 30.)  Next, Dylewski alleges that as Invacare, in its position as MPU's primary creditor, has become increasingly involved in the day-to-day operation of MPU– including control over purchases of supplies and equipment and the payment of debts owed by MPU– to the point that MPU has effectively become an alter ego of Invacare.  (*Id.* ¶¶ 33 - 35, 38.)  Fourth and finally, Dylewski alleges that it is only because of the control Invacare exercises over MPU that the debt personally guaranteed by Dylewski has not been paid.  (*Id.* ¶ 37.)
>
> Assuming that Dylewski will be able to prove each of his allegations, including the suggestion that Invacare was the alter ego of MPU, the Court believes that these averments certainly present a plausible explanation for why *Mobility Products* has not paid the debt that Dylewski personally guaranteed. These averments, however, do not present an argument why *Dylewski* has not paid the debt that he personally guaranteed.  As such, the Third Party Complaint does not provide factual allegations supporting a plausible argument that Dylewski was not at fault for his alleged breach of the Guaranty and Suretyship Agreement after MPU failed to pay its debt to Pride. Similarly, the Third Party Complaint fails to present any allegations of fact supporting an argument that Invacare was the party at fault for Dylewski's alleged breach of the Agreement subsequent to MPU's default.
>
> . . .
>
> the Court also notes that the Third Party Complaint fails to provide factual allegations establishing the "special relationship" between Dylewski and Invacare needed in order for common law indemnification to exist.  The Third Party Complaint avers only that Invacare was the primary creditor of a corporation in which Dylewski held fifty percent (50%) ownership and that Invacare used its position as primary creditor to influence MPU's finances, including the priority of MPU's debt payments. The Third Party Complaint does

> not aver that Invacare was a party to the Agreement between Dylewski and Pride or that, with the exception if its business dealings with MPU, Invacare had any contractual relationship with any of the parties involved in this case. In summary, based on the averments of the Third Party Complaint, Dylewski has failed to raise a reasonable expectation that discovery with respect to the third party indemnification claim against Invacare will reveal evidence of the "special relationship" required to proceed on a claim for common law indemnification.

(Memorandum & Order, at 25-27.) Similarly, the Court considered Dylewski's third party contribution claim as it pertained to Invacare:

> Dylewski makes no allegation that he and Invacare had any expressed agreement with regard to the rights of contribution in the event that Dylewski failed to pay the MPU debt that he personally guaranteed.
>
>> Where, as here, there is no express agreement covering rights of contribution, Florida law recognizes a right of equitable contribution. "The [equitable contribution] principle attempts to distribute equally among those who have a common obligation, the burden of performing that obligation. . .Thus, an obligor who has paid in excess of his pro rata share of the obligation, is entitled at law to contribution from the other obligors for their aliquot share."
>
> *Schrank v. Pearlman*, 683 So. 2d 559, 561 (Fla. Dist. Ct. App. 1996) (quoting *Fletcher v. Anderson*, 616 So. 2d 1201, 1202 (Fla. Dist. Ct. App. 1993)). In the current case, Pride Mobility's claims against Dylewski are premised on the contractual agreement between Pride and Dylewski. Accordingly, a cognizable contribution claim by Dylewski against Invacare must allege that Invacare shares Dylewski's contractual obligations to Pride. Dylewski's Third Party Complaint contains no such allegations of fact, and thus, fails to state a claim for contribution against Invacare.

(*Id.*, at 27-28.)

Even though he has made changes to his original filing, including substantial deletions, Dylewski's proposed Amended Third Party Complaint contains many of the same averments found in the unamended version. Notably, Dylewski continues to aver that he was a "passive" owner of MPU and that Invacare, along with MPU, Ward, and Donahue, is actively and primarily liable for any damages incurred by Pride Mobility. (Proposed Am.

Third Pty. Compl., Doc. 60, Ex. A, ¶¶ 9-31.)  The Court also observes, that the amended version of his third party claims now avers that "Invacare, Ward and Donahue, having assumed complete and total control over the management, operations and assets of MPU created a special relationship between themselves and Dylewski." (*Id*., ¶ 26.)

Based on its review of the proposed amendments, the Court finds that the amended claims simply restate the averments found in Dylewski's original, unamended third party complaint.  Thus, the Amended Third Party Complaint still does not provide factual allegations supporting a plausible argument that Dylewski was not at fault for his alleged breach of the Guaranty and Suretyship Agreement after MPU failed to pay its debt to Pride and it still fails to present any allegations of fact supporting an argument that Invacare was the party at fault for Dylewski's alleged breach of the Agreement subsequent to MPU's default.  Furthermore, while Dylewski has amended his claims with a statement that he had a "special relationship" with the Third Party Defendants, including Invacare, his amended third party claims contain no allegations that Dylewski and Invacare were ever co-parties to any indemnification agreement or had any communications prior to the initiation of the current litigation.  As such, Dylewski's averment that he and Invacare shared a special relationship is a conclusion of law that the Court need not accept without further support. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  Furthermore, Dylewski's proposed Amended Third Party Complaint contains no new allegations or averments that he and Invacare had any expressed agreement with regard to the rights of contribution in the event that Dylewski failed to pay the MPU debt that he personally guaranteed.

On the basis of this review, the Court finds that Dylewski's proposed Amended Third Party Complaint would fail to state claims against Invacare for either indemnity or

contribution. Thus, the proposed amendments are futile with respect to Dylewski's claims against Invacare, and the Court will deny Dylewski's Motion to Amend/Correct Third Party Claims.

## CONCLUSION

For the reasons detailed above, the Court will deny Third Party Plaintiff Bryan Dylewski's Amended Motion for Reconsideration (Doc. 59) and Amended Motion to Amend/Correct Third Party Claims (Doc. 60).

An appropriate Order follows.


 April 17, 2009                                              /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | |
| Plaintiff, | NO. 3:07-CV-0 231 |
| v. | |
| BRYAN DYLEWSKI, | (JUDGE CAPUTO) |
| Defendant and Third Party Plaintiff, | |
| v. | |
| INVACARE CORP., MOBILITY PRODUCTS UNLIMITED, LLC, JOHN WARD and THOMAS DONAHUE, | |
| Third Party Defendants. | |

**ORDER**

**NOW**, this 17th day of April, 2009, **IT IS HEREBY ORDERED** that: Third Party Plaintiff Bryan Dylewski's Amended Motion for Reconsideration (Doc. 59) and Motion to Amend/Correct Third Party Claims (Doc. 60) are **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge