# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | CIVIL ACTION NO. 3:08-CV-231 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| MOBILITY PRODUCTS UNLIMITED, LLC, JOHN WARD, THERESA M. WARD, and BRYAN DYLEWSKI, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion to Reconsider of Defendants John Ward and Theresa M. Ward ("the Wards") (Doc. 108) this Court's order granting summary judgment in favor of Plaintiff and against the Wards for breach of guaranty and suretyship agreements. (Doc. 106.) For the foregoing reasons, the Defendants' motion to reconsider will be denied.

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's October 16, 2009 Memorandum and Order (Doc. 106).

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of

1

entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

The Wards argue that this Court committed an error of law by determining that the Guaranty and Suretyship Agreements signed by them applied to all past, present and future debts. This argument is based on the premise that there is a "latent ambiguity" in the agreements that gives rise to a genuine issue of material fact, making summary judgment inappropriate. The Wards contend that this case should be governed by Pennsylvania law

2

that holds that a specific, limiting provision in a contract will govern when there is an inconsistent general, perpetual provision in that same contract. This, of course, presupposes that the two supposedly competing provisions are inconsistent. This Court fully addressed this issue in its previous Memorandum and Order when we said:

> In the instant case, the Court finds that the language in the Guaranty and Suretyship Agreements signed by the individual defendants was clear. Under those agreements, the defendants were guaranteeing "all sums due" from MPU to Pride. This amount is later clarified in the agreement as all debts "existing as of the date of this Agreement," all debts "reasonably contemporaneous with the execution of this Agreement," and all debts "arising out of the sale of products . . . as aforereferenced." These aforementioned sales are clearly referring to the future sales intended to be induced by the suretyship agreements signed by defendants. Therefore, the Guaranty and Suretyship Agreements signed by the individual defendants clearly and unambiguously cover debts owed before the contract was signed, as the contract was signed, and debts occurred at some point after the contract was signed.
> Defendants MPU and the Wards have spent much of their briefs arguing that the "reasonably contemporaneous" language suggests that the Agreements were signed in contemplation of the 2006 Note between Pride and MPU, thereby precluding Plaintiff from arguing that the Agreement applies to future debts. Defendants completely ignore the clause immediately following the "reasonably contemporaneous" language, which applies the Agreement to the future sales expected to be induced by the suretyship relationship. The Agreement is clearly not limited only to debts incurred concurrently with the signing of the contract.

(Doc. 106 at 10-11.)

There is no inconsistency in the Guaranty and Suretyship Agreements. The inconsistency that the Wards point to is simply a clarification of what was meant by "all sums due." This issue has already been considered by this Court and it was not clear error of law. Because the Wards have not pointed to a change in law, new facts, or a clear error of law, the Motion to Reconsider will be denied.

3

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Reconsider the Court's October 16, 2009 Order will be denied. An appropriate Order follows.


November 25, 2009 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORP., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:08-CV-231 |
| MOBILITY PRODUCTS UNLIMITED, LLC, JOHN WARD, THERESA M. WARD, and BRYAN DYLEWSKI, | (JUDGE CAPUTO) |
| Defendants. | |

## ORDER

**NOW**, this  25th  day of November 2009, Defendants' Motion to Reconsider the Court's October 16, 2009 Order is **DENIED**.

                                                 /s/ A. Richard Caputo  
                                                 A. Richard Caputo  
                                                 United States District Judge